2015 ND 197

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Jonathan KORDONOWY, Defendant and Appellant.**

No. 20140327.

Supreme Court of North Dakota.

Aug. 6, 2015.

Rehearing Denied Sept. 17, 2015.

Alexander J. Stock, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Danny L. Herbel, Bismarck, N.D., for defendant and appellant.

Ken R. Sorenson, Assistant Attorney General, Bismarck, N.D., for amicus curiae North Dakota Attorney General.

McEVERS, Justice.

[¶ 1] Jonathan Kordonowy appeals from a criminal judgment entered after a jury found him guilty of refusal to submit to a chemical test. Kordonowy argues the criminal refusal statute is unconstitutional and the district court erred in refusing to give his requested jury instruction informing the jury he had a right to refuse a chemical test. We affirm the judgment.

I

[¶ 2] Kordonowy was charged with driving under the influence and refusal to submit to chemical testing in violation of N.D.C.C. § 39–08–01.

[¶ 3] Kordonowy moved to dismiss the refusal charge, arguing N.D.C.C. § 39–08–01(1)(e) on its face and as it is applied to the facts of his case is unconstitutional under the Fourth Amendment of the United States Constitution and N.D. Const. art. I, § 8. He also argued N.D.C.C. § 39–08–01(1)(e) is unconstitutionally vague and the North Dakota Constitution provides greater protection than the Fourth Amendment. The State opposed the motion. The Attorney General also filed an amicus brief opposing the motion.

[¶ 4] The district court denied Kordonowy's motion to dismiss. The court concluded N.D.C.C. § 39–08–01(1)(e) is not unconstitutional under the federal or state constitutions and it is not unconstitutionally vague.

[¶ 5] A jury trial was held. Kordonowy submitted proposed jury instructions and requested an instruction informing the jury that he had a right to refuse to sub-mit to chemical testing. The court denied Kordonowy's request to include the right to refuse instruction. The jury found Kordonowy guilty of refusal to submit to chemical testing and not guilty of driving under the influence.

II

[¶ 6] Kordonowy argues the district court erred in denying his motion to dismiss because the criminal refusal statute, N.D.C.C. § 39–08–01(1)(e), is unconstitutional under the Fourth Amendment and N.D. Const. art. I, § 8, and as applied to him.

[¶ 7] In *State v. Baxter*, 2015 ND 107, ¶ 5, 863 N.W.2d 208 (quoting *Beylund v. Levi*, 2015 ND 18, ¶ 17, 859 N.W.2d 403), we explained our standard for reviewing constitutional challenges to a statute:

The determination whether a statute is unconstitutional is a question of law, which is fully reviewable on appeal. All regularly enacted statutes carry a strong presumption of constitutionality, which is conclusive unless the party challenging the statute clearly demonstrates that it contravenes the state or federal constitution. Any doubt about a statute's constitutionality must, when possible, be resolved in favor of its validity. The power to declare a legislative act unconstitutional is one of the highest functions of the courts, and that power must be exercised with great restraint. The presumption of constitutionality is so strong that a statute will not be declared unconstitutional unless its invalidity is, in the court's judgment, beyond a reasonable doubt. The party challenging the constitutionality of a statute has the burden of proving its constitutional infirmity.

[¶ 8] Section 39–08–01(1)(e), N.D.C.C., criminalizes the refusal to submit to chemical testing, providing:

A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

. . . .

e. That individual refuses to submit to any of the following:

. . . .

(2) A chemical test, or tests, of the individual's blood, breath, or urine to determine the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine, at the direction of a law enforcement officer under section 39–20–01[.]

[¶ 9] Kordonowy argues N.D.C.C. § 39–08–01(1)(e) criminalizes a person's exercise of his Fourth Amendment rights. He claims a person has a constitutional right under the Fourth Amendment to refuse chemical testing until law enforcement obtain a search warrant and may not be criminally penalized for exercising his constitutional rights and refusing to consent to the search.

[¶ 10] In *State v. Birchfield,* 2015 ND 6, ¶ 19, 858 N.W.2d 302, we rejected Kordonowy's argument and held the criminal refusal statute does not violate the Fourth Amendment or N.D. Const. art. I, § 8. We said driving is a privilege subject to reasonable control by the State under its police power, and an individual who drives is deemed to have given consent to a chemical test. *Id.* at ¶ 6. We explained the implied consent laws do not authorize suspicionless searches, chemical testing is not authorized unless an officer has probable cause to believe the defendant is under the influence and the defendant has already been arrested on the charge, the statutes do not authorize a warrantless search, a chemical test will not be given if the defen-

dant refuses, and the Legislature attached significant consequences to refusal so a driver may not avoid potential consequences of test submission and gain an advantage by refusing. *Id.* at ¶¶ 15–17. We said the criminal refusal statute satisfies the general reasonableness requirement of the Fourth Amendment because the State has an interest in decreasing drunk driving, the implied consent laws contain requirements protecting a driver's constitutional rights and do not allow for suspicionless searches, and criminally penalizing refusal is an efficient tool in discouraging drunk driving. *Id.* at ¶ 17. We held the criminal refusal statute is not unconstitutional under the state and federal constitutions. *Id.* at ¶ 19.

[¶ 11] At oral argument, Kordonowy argued this Court should overturn its decision in *Birchfield* because it "relied heavily" on case law from Minnesota that was no longer good law, including *State v. Bernard,* 844 N.W.2d 41 (Minn.Ct.App.2014). We note the Minnesota Court of Appeals decision in *Bernard* was affirmed on appeal, but the Minnesota Supreme Court rejected the Court of Appeals' reasoning and affirmed the decision based upon a different rationale. *State v. Bernard,* 859 N.W.2d 762 (Minn.2015). However, our decision in *Birchfield* was not based solely on the Minnesota Court of Appeals decision in *Bernard,* Kordonowy has not persuaded us *Birchfield* was wrongly decided, and we decline to overturn our prior decision.

[¶ 12] The criminal refusal statute is not unconstitutional under the Fourth Amendment or N.D. Const. art. I, § 8. *Birchfield,* 2015 ND 6, ¶ 19, 858 N.W.2d 302. We conclude the district court did not err in denying Kordonowy's motion to dismiss.

## III

[¶ 13] Kordonowy argues N.D. Const. art. I, § 8 provides greater protection than the Fourth Amendment. He cites various cases in which he claims this Court held the Legislature provided greater statutory protections for searches and seizures than the Fourth Amendment, and he claims these cases support his argument that the North Dakota Constitution provides greater protection.

[¶ 14] A state may grant greater protections than the United States Constitution through its own constitution or by statute. *State v. Herrick*, 1997 ND 155, ¶ 19, 567 N.W.2d 336; *State v. Nordquist*, 309 N.W.2d 109, 113 (N.D.1981). Although the Legislature may have provided greater protections for certain types of searches through specific statutes, Kordonowy has not explained how N.D. Const. art. I, § 8 provides greater protection than the Fourth Amendment. We have noted N.D. Const. art. I, § 8 is "almost identical" to the Fourth Amendment. *State v. Carriere*, 545 N.W.2d 773, 776 (N.D.1996). Kordonowy did not provide separate analysis of our state constitution or its history. Kordonowy has not adequately supported his argument the North Dakota Constitution provides greater protection than the Fourth Amendment, and we will not address this issue any further. *See State v. Haibeck*, 2006 ND 100, ¶ 9, 714 N.W.2d 52 (stating arguments that are not adequately articulated, supported, and brief will not be considered on appeal).

## IV

[¶ 15] Kordonowy argues the criminal refusal statute is unconstitutionally vague. He claims there is an inherent conflict in the statutory law because N.D.C.C. § 39–20–04 grants drivers the right to refuse to submit to a chemical test and N.D.C.C. § 39–08–01(1)(e) criminalizes that right to refuse. He contends the statutes provide conflicting and insufficient notice to drivers of what constitutes illegal criminal conduct.

[¶ 16] We have explained the standard we apply when a law is challenged for vagueness:

All laws must meet two requirements to survive a void-for-vagueness challenge: (1) the law must create minimum guidelines for the reasonable police officer, judge, or jury charged with enforcement of the statute; and (2) the law must provide a reasonable person with adequate and fair warning of the proscribed conduct. We use the "reasonable person" standard in reviewing a statute to determine whether these two dictates are satisfied. A law is void for vagueness if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. We review de novo a claimed violation of a constitutional right. We construe statutes to avoid constitutional infirmities, and any doubt must be resolved in favor of the statute's constitutionality.

*In re Maedche*, 2010 ND 171, ¶ 14, 788 N.W.2d 331 (quoting *City of Fargo v. Salsman*, 2009 ND 15, ¶ 21, 760 N.W.2d 123) (quotations and citations omitted). "A statute is not unconstitutionally vague 'if the challenged language, when measured by common understanding and practice, gives adequate warning of the conduct proscribed and marks boundaries sufficiently distinct for fair administration of the law.'" *State v. Holbach*, 2009 ND 37, ¶ 24, 763 N.W.2d 761 (quoting *In re Disciplinary Action Against McGuire*, 2004 ND 171, ¶ 19, 685 N.W.2d 748).

[¶ 17] A person who operates a motor vehicle in this state is "deemed to have

given consent, and shall consent, subject to the provisions of [N.D.C.C. ch. 39–20], to a chemical test...." N.D.C.C. § 39–20–01(1). A chemical test may be administered only after the individual has been placed under arrest. N.D.C.C. § 39–20–01(2). The law enforcement officer must inform the individual charged that North Dakota law requires the individual to take the test and that refusal is a crime punishable in the same manner as driving under the influence and may result in revocation of the individual's driving privileges for a minimum of 180 days and up to three years. N.D.C.C. § 39–20–01(3). Section 39–20–04(1), N.D.C.C., states, "If a person refuses to submit to testing under section 39–20–01 ... none may be given, but the law enforcement officer shall immediately take possession of the person's operator's license if it is then available and shall immediately issue to that person a temporary operator's permit...." Section 39–08–01(1)(e), N.D.C.C., criminalizes a driver's refusal to submit to chemical testing under N.D.C.C. § 39–20–01.

[¶ 18] " '[J]udicial interpretations, clarifying vague or ambiguous [statutory] language may be taken into consideration in determining whether the public has been put on notice of the conduct proscribed.'" *Hamre v. North Dakota Dep't of Transp.*, 2014 ND 23, ¶ 16, 842 N.W.2d 865; *see also State v. Schwalk*, 430 N.W.2d 317, 320 (N.D.1988) (statute provided adequate warning of proscribed conduct when viewed in light of prior judicial interpretations). The public is charged with having notice of the law, including judicial interpretations of statutes. *Hamre*, at ¶ 16. This Court has held a person may refuse to submit to testing and will not be tested against his will, but there are consequences for refusing to submit to testing. *See, e.g., State v. Smith*, 2014 ND 152, ¶ 9, 849 N.W.2d 599; *McCoy v. North*

*Dakota Dep't of Transp.*, 2014 ND 119, ¶ 12, 848 N.W.2d 659; *Krabseth v. Moore*, 1997 ND 224, ¶ 7, 571 N.W.2d 146.

[¶ 19] Section 39–20–01, N.D.C.C., states a driver is deemed to have given consent and shall consent to a chemical test; under N.D.C.C. § 39–20–04(1) a chemical test will not be given if the driver refuses, but there are consequences for refusing to submit to testing and N.D.C.C. § 39–08–01(1)(e) criminalizes the refusal. The implied consent advisory accurately informs the individual of the consequences for refusal and presents the individual with a choice. *Birchfield*, 2015 ND 6, ¶ 11, 858 N.W.2d 302. The statutes do not conflict and they give adequate warning of the conduct proscribed. We conclude N.D.C.C. § 39–08–01(1)(e) is not unconstitutionally vague.

## V

[¶ 20] Kordonowy argues the district court committed reversible error by refusing to give his requested jury instruction informing the jury that he had a right to refuse to submit to chemical testing.

[¶ 21] In *State v. Romero*, 2013 ND 77, ¶ 16, 830 N.W.2d 586 (quotations and citations omitted), we explained our standard for reviewing jury instructions on appeal:

Jury instructions must correctly and adequately inform the jury of the applicable law, and must not mislead or confuse the jury. On appeal, we review jury instructions as a whole to decide whether the instructions adequately and correctly inform the jury of the applicable law, even though part of the instruction standing alone may be insufficient or erroneous. When considered as a whole, if a jury instruction correctly advises the jury of the law, it is sufficient even if part of it standing alone may be

insufficient. Selecting only a part of the instructions without considering the jury instructions as a whole is not proper because it can result in erroneous and misleading inferences. Further, a district court is not required to give jury instructions in the specific language requested by the defendant.

A court may refuse to give an instruction that is irrelevant or does not apply. *State v. Clark*, 2012 ND 135, ¶ 8, 818 N.W.2d 739.

[¶ 22] Kordonowy's proposed instruction stated:

> "A person has a right under North Dakota law to refuse to submit to a chemical test for blood alcohol evaluation."

*See State v. Murphy*, 516 N.W.2d 285, 286 (N.D.1994).

The district court denied Kordonowy's request to include the instruction, stating it did not believe the instruction accurately described the law as set forth in N.D.C.C. § 39–08–01.

[¶ 23] We review jury instructions in light of the evidence presented to the jury, as established by the record on appeal. *Sabot v. Fargo Women's Health Org., Inc.*, 500 N.W.2d 889, 891 (N.D.1993). On appeal, the appellant is required to file a complete transcript with this Court, unless a stipulation is obtained from all affected parties specifying the portions that are not required for purposes of the appeal. N.D.R.App.P. 10(b). In this case, Kordonowy filed a partial transcript, which included an in-chambers conference about the jury instructions. Kordonowy did not file a stipulation about the excluded portions. " 'The appellant assumes the consequences and the risk for the failure to file a complete transcript. If the record on appeal does not allow for a meaningful and intelligent review of alleged error, we will decline review of the issue.' " *Sabot*, at 892

(quoting *Lithun v. DuPaul*, 447 N.W.2d 297, 300 (N.D.1989)).

[¶ 24] Kordonowy claims the court did not correctly and adequately inform the jury of the applicable law because it refused to give the jury his instruction informing the jury he has a right to refuse testing. He contends he was entitled to the requested instruction because the "right" to refuse testing was a defense to his prosecution.

[¶ 25] "A defendant is entitled to a jury instruction on a defense if there is evidence to support it and it creates a reasonable doubt about an element of the charged offense." *State v. Samshal*, 2013 ND 188, ¶ 14, 838 N.W.2d 463. Kordonowy did not file a complete trial transcript and it is not clear that he presented any evidence to support his instruction or that he argued the right to refuse testing was a defense.

[¶ 26] Jury instructions must not confuse or mislead the jury, but they must correctly and adequately inform the jury of the applicable law. *State v. Schmidt*, 2012 ND 120, ¶ 31, 817 N.W.2d 332. In *State v. Murphy*, 527 N.W.2d 254, 256 (N.D.1995), this Court reviewed a requested jury instruction involving a driver's statutory right to refuse. The requested instruction stated:

> RIGHT OF DRIVER TO REFUSE TO SUBMIT TO CHEMICAL TEST
>
> Under North Dakota law, a person has an absolute right to refuse to submit to a chemical test for blood alcohol analysis. If a person refuses to submit to such testing, none may be given.

*Id.* This Court held the district court did not err in refusing to give the instruction because it was incomplete and was not a correct statement of the law. *Id.* Similar to the instruction in *Murphy*, Kordonowy's

requested instruction misstates the law and would confuse or mislead the jury. A driver has only a conditional right to refuse a chemical test, and the criminal penalty is one of the conditions imposed. *See Birchfield,* 2015 ND 6, ¶ 8, 858 N.W.2d 302; *Murphy,* at 256. Kordonowy's requested instruction would mislead the jury because it would inform the jury Kordonowy had a right to refuse the chemical test but fail to inform them that the right is conditional and that consequences attach to the decision to exercise the right. There is no pattern jury instruction about a right to refuse testing, but generally a court may include the applicable portions of a statute in the jury instructions. *See Case Credit Corp. v. Oppegard's, Inc.,* 2005 ND 141, ¶¶ 12–13, 701 N.W.2d 891. Here, Kordonowy did not request the court include the applicable portions of the statute in its instructions, and his requested instruction did not correctly and adequately inform the jury of the law.

[¶ 27] "[I]f a defendant desires a more comprehensive instruction on any point of law than what the [district] court has indicated it will give, the defendant must request specific written instructions, and if the defendant fails to do so he cannot predicate error upon omissions in the charge given." *State v. Erickstad,* 2000 ND 202, ¶ 18, 620 N.W.2d 136. Kordonowy's proposed instruction misstated the law, and the court did not have a duty to draft the instruction for Kordonowy. *See City of Fargo v. Hector,* 534 N.W.2d 821, 823 (N.D.1995) (indicating a court may include applicable portions of a statute in jury instructions). We conclude the district court did not err in refusing to give Kordonowy's requested instruction.

### VI

[¶ 28] We affirm the judgment.

[¶ 29] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ.

DANIEL J. CROTHERS, J., concurs in the result.