Filed 1/14/16 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2016 ND 6

Tera Marie Sturre, Petitioner and Appellant

v.

Grant Levi, Director of the North Dakota 

Department of Transportation, Respondent and Appellee

No. 20150242

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Per Curiam.

Thomas F. Murtha IV, P.O. Box 1111, Dickinson, N.D. 58602-1111, for petitioner and appellant; on brief.

Douglas B. Anderson, Office of the Attorney General, 500 North Ninth Street, Bismarck, N.D. 58501-4509, for respondent and appellee; on brief.

Sturre v. Levi

No. 20150242

Per Curiam.

[¶1] Tera Sturre appeals from a district court judgment affirming the Department of Transportation hearing officer’s decision suspending Sturre’s driving privileges for 180 days.  Sturre argues the Department failed to prove law enforcement had probable cause to arrest her.  She argues the report and notice form did not comply with statutory requirements and the Department did not have jurisdiction, because the report and notice failed to state reasonable grounds to believe she had been driving or was in actual physical control of the vehicle.  Sturre’s arguments are similar to those decided in 
Olson v. Levi
, 2015 ND 250, ¶¶ 7-10, 870 N.W.2d 222.  Sturre contends the results of blood and breath tests are evaluated in different ways violating equal protection provisions of the state and federal constitutions.  We will not consider this issue, because it was not adequately articulated, supported, and briefed.  
See
 
State v. Haibeck
, 2006 ND 100, ¶ 9, 714 N.W.2d 52.  Sturre also argues the laws criminalizing refusal to consent to testing violate the Fourth Amendment of the United States Constitution, the blood test was a warrantless search violating her Fourth Amendment rights because her consent was coerced by the reading of the implied consent advisory, the implied consent law is unconstitutional under the unconstitutional conditions doctrine, and the implied consent law violates Article I, Section 20 of the North Dakota Constitution.  We have addressed these arguments in prior cases.  In 
State v. Birchfield
, 2015 ND 6, ¶ 19, 858 N.W.2d 302, 
cert. granted
, 83 U.S.L.W. 3916 (U.S. Dec. 11, 2015) (No. 14-1468), we held the criminal refusal statute does not violate the Fourth Amendment or N.D. Const. art. I, § 8.  In 
State v. Smith
, 2014 ND 152, ¶¶ 16-21, 849 N.W.2d 599, and 
McCoy v. N.D. Dep’t of Transp.
, 2014 ND 119, ¶ 21, 848 N.W.2d 659, we held that consent to testing is not involuntary or coerced solely because an individual is advised of the implied consent law.  In 
Beylund v. Levi
, 2015 ND 18, ¶ 30, 859 N.W.2d 403, 
cert. granted
, 83 U.S.L.W. 3935 (U.S. Dec. 11, 2015) (No. 14-1507), and 
Olson
, at ¶¶ 12-13, we held the implied consent law does not violate the unconstitutional conditions doctrine or N.D. Const. art. I, § 20.  We summarily affirm under N.D.R.App.P. 35.1(a)(5) and (7).

[¶2] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner