2016 ND 80

Bo Daniel SCHMIDT, Petitioner and Appellant

v.

Grant LEVI, Director of the North Dakota Department of Transportation, Respondent and Appellee.

No. 20150344.

Supreme Court of North Dakota.

April 12, 2016.

Thomas F. Murtha IV, Dickinson, ND, for petitioner and appellant.

Michael T. Pitcher, Office of the Attorney General, Bismarck, ND, for respondent and appellee.

CROTHERS, Justice.

[¶ 1] Bo Daniel Schmidt appeals from a district court judgment affirming a Department of Transportation hearing officer's decision to suspend his driving privi-

leges. Schmidt argues the implied consent advisory was misleading, the chemical test was a warrantless search and North Dakota's refusal statute is unconstitutional. We affirm.

I

[¶ 2] Dickinson Police Sergeant Mike Hanel arrested Schmidt for driving under the influence after observing Schmidt's vehicle traveling in the wrong lane and weaving towards a curb. Hanel stopped Schmidt and smelled alcohol in the vehicle. Schmidt admitted he had been drinking. Hanel read Schmidt the North Dakota implied consent advisory and requested he take an onsite alcohol screening test. Schmidt agreed. The test result showed Schmidt had a blood alcohol concentration of .124 percent and Hanel arrested him for driving under the influence.

[¶ 3] At the police station Hanel placed Schmidt in an interview room with a cell phone and phone book. After twenty minutes Hanel advised Schmidt a second time of the implied consent advisory and requested Schmidt take a chemical breath test. Schmidt again agreed. The test result showed Schmidt had an alcohol concentration of .124 percent. The hearing officer found Schmidt had a blood alcohol concentration of at least eight one-hundredths of one percent by weight in violation of N.D.C.C. § 39–08–01. The Department of Transportation hearing officer suspended Schmidt's driving privileges for 91 days and the Stark County district court affirmed.

II

[¶ 4] Schmidt argues the implied consent advisory was misleading because it failed to inform him of his right to refuse the chemical test. On appeal from the district court's decision in an administrative appeal this Court reviews the agency

order in the same manner as the district court. N.D.C.C. § 28–32–49. We must affirm an agency's decision unless:

"1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28–32–46.

[¶ 5] This Court gives great deference to the agency decision:

" 'We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record.' A hearing officer's evidentiary rulings are reviewed under the abuse of discretion standard. 'A hearing officer abuses her discretion when she acts in an arbitrary, unreasonable, or capricious manner or misapplies or misinterprets the law.' Questions of law are fully reviewable."

*Filkowski v. Director, North Dakota Dept. of Transp.*, 2015 ND 104, ¶ 6, 862 N.W.2d 785 (internal citations omitted).

[¶ 6] In North Dakota:

"Any individual who operates a motor vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use in this state is deemed to have given consent, and shall consent, subject to the provisions of this chapter, to a chemical test, or tests, of the blood, breath, or urine for the purpose of determining the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine.... The test or tests must be administered at the direction of a law enforcement officer only after placing the individual ... under arrest and informing that individual that the individual is or will be charged with the offense of driving or being in actual physical control of a vehicle upon the public highways while under the influence of intoxicating liquor, drugs, or a combination thereof.... The law enforcement officer shall determine which of the tests is to be used."

N.D.C.C. § 39–20–01(1)–(2). Section 39–20–01(3), N.D.C.C., provides that law enforcement officers:

"[S]hall inform the individual charged that North Dakota law requires the individual to take the test to determine whether the individual is under the influence of alcohol ...; that refusal to take the test directed by the law enforcement officer is a crime punishable in the same manner as driving under the influence; and that refusal of the individual to submit to the test directed by the law enforcement officer may result in a revocation for a minimum of one hundred eighty days and up to three years of the individual's driving privileges."

[¶ 7] "If a person refuses to submit to testing under section 39–20–01 ... none may be given...." N.D.C.C. § 39–20–04. "[A] driver may not refuse testing 'to avoid the potential consequences of test submission and to avoid the penalties of refusal by remaining ambivalent.'" *McCoy v. N.D. Dep't of Transp.*, 2014 ND 119, ¶ 12, 848 N.W.2d 659 (citing *Grosgebauer v. N.D. Dep't of Transp.*, 2008 ND 75, ¶ 11, 747 N.W.2d 510). When a driver agrees to testing, "the question becomes whether the driver 'voluntarily' consented to chemical testing." *McCoy*, 2014 ND 119, ¶ 14, 848 N.W.2d 659 (citing *Fossum v. N.D. Dep't of Transp.*, 2014 ND 47, ¶ 13, 843 N.W.2d 282).

[¶ 8] Schmidt argues the advisory was misleading because it failed to inform him that no test would be given if he refused. Schmidt alleges law enforcement must inform the arrestee that no test will be given if the arrestee refuses; otherwise the arrestee may believe law enforcement will compel a test by force.

[¶ 9] Section 39–20–01(3), N.D.C.C., does not require law enforcement to inform an arrestee that no test will be given upon refusal. Schmidt does not allege he believed the test would be compelled by force if he refused or even that he relied on the implied consent advisory given. When asked why he consented to the preliminary breath test, Schmidt testified, "[b]ecause as I'd heard from previous people that if you do not submit the test you automatically lose your license for a year.... In which that case I was scared.... Because this without my license I don't have a job." When asked why he consented to the chemical test, Schmidt replied, "I said yes because I didn't know that if I said no if I was going to end up in jail or what was going to happen.... [S]o I would not lose my license for that automatic year."

[¶ 10] "[A] factor in determining the voluntariness of consent includes the law enforcement officer's statements to a defendant, whether intentionally or unintentionally misleading." *State v. Smith*, 2014 ND 152, ¶ 20, 849 N.W.2d 599 (citing *State v. Abrahamson*, 328 N.W.2d 213, 216 (N.D.1982)). Hanel read the implied consent advisory to Schmidt to inform him the law required him to take the test and refusal was a crime that may result in revocation of his driving privileges. Schmidt did not testify Hanel's statements confused or mislead him. Schmidt did not testify he believed he would be forced to test if he refused. Schmidt testified he consented to test because he wanted to avoid the criminal punishments of refusal. "[A]n individual's consent is not coerced simply because a criminal penalty has been attached to refusing the test or that law enforcement advises the driver of that law." *Smith*, 2014 ND 152, ¶ 21, 849 N.W.2d 599 (citing *State v. Brooks*, 838 N.W.2d 563, 570–2 (Minn.2013)).

[¶ 11] The administrative hearing officer concluded Schmidt was tested according to N.D.C.C. § 39–20–01. A reasoning mind reasonably could have determined that this conclusion was proved by the weight of the evidence. Hanel read Schmidt the implied consent advisories, requested Schmidt test and Schmidt agreed because he had heard from others that refusal could result in an automatic license suspension. Schmidt testified he took the tests because he did not know if he would "end up in jail;" not because he did not know he had a right to refuse. The hearing officer's findings were supported by the weight of the evidence. *McCoy*, 2014 ND 119, ¶ 8, 848 N.W.2d 659 (citing *Yellowbird v. N.D. Dep't of Transp.*, 2013 ND 131, ¶ 8, 833 N.W.2d 536).

## III

[¶ 12] Schmidt argues the hearing officer erred in the conclusions of law because the chemical test taken by law enforcement constituted a warrantless search and the department failed to establish an exception to the warrant requirement. Schmidt therefore contends the hearing officer's decision violated his constitutional rights. This Court addressed similar arguments and stated:

"Unreasonable searches and seizures are prohibited under U.S. Const. amend. IV and N.D. Const. art. I, § 8.... 'Warrantless searches are unreasonable unless they fall within one of the recognized exceptions to the warrant requirement.' Consent is one exception to the warrant requirement. "To be effective, consent must be voluntarily given under the totality of the circumstances and 'must not be coerced by explicit or implicit means or by implied threat or covert force.'" 'The Department has the burden of establishing an exception to the warrant requirement.'"

*McCoy,* 2014 ND 119, ¶ 10, 848 N.W.2d 659 (internal citations omitted).

[¶ 13] Schmidt alleges he did not voluntarily consent to the chemical test because he was coerced. This Court considered the effect of coercion in relation to the state's implied consent laws and stated:

"In *State v. Smith,* 2014 ND 152, ¶ 16, 849 N.W.2d 599 and *McCoy v. N.D. Dep't of Transp.,* 2014 ND 119, ¶ 21, 848 N.W.2d 659, we held consent to a chemical test is not coerced and is not rendered involuntary merely by a law enforcement officer's reading of the implied consent advisory that accurately informs the arrestee of the consequences for refusal, including the administrative and criminal penalties, and presents the arrestee with a choice. *See also Wall v. Stanek,* 794 F.3d 890

(8th Cir.2015) (applying Minnesota law)."

*Olson v. Levi,* 2015 ND 250, ¶ 12, 870 N.W.2d 222.

[¶ 14] At the administrative hearing Schmidt testified he consented to testing because he did not want to be jailed or lose his license for a year. Schmidt's fear of the penalties for refusal is not sufficient to show he was coerced to consent. Schmidt presented no evidence rebutting Hanel's testimony that Schmidt voluntarily took the test after hearing the implied consent advisory. The Department found Schmidt freely and voluntarily consented to test. A reasoning mind reasonably could have determined this conclusion was supported by a preponderance of the evidence.

## IV

[¶ 15] Schmidt argues the implied consent laws are unconstitutional. This argument has been rejected:

"In *State v. Birchfield,* 2015 ND 6, ¶ 19, 858 N.W.2d 302, we held the criminal refusal statute is not unconstitutional under the Fourth Amendment or N.D. Const. art. I, § 8. In *Beylund v. Levi,* 2015 ND 18, ¶¶ 30–31, 859 N.W.2d 403, we held the implied consent law does not violate the doctrine of unconstitutional conditions. In *State v. Baxter,* 2015 ND 107, ¶¶ 13–17, 863 N.W.2d 208, we held the criminal refusal statutes do not violate a defendant's due process rights. Recently, in *State v. Kordonowy,* 2015 ND 197, ¶¶ 15–19, 867 N.W.2d 690, we held the criminal refusal statutes are not unconstitutionally vague. [Defendant's] arguments do not convince us to revisit these issues."

*Olson,* 2015 ND 250, ¶ 12, 870 N.W.2d 222. Schmidt's arguments do not persuade us to revisit these issues.

V

[¶ 16] Schmidt was not misled by the implied consent advisory and his constitutional rights were not violated by either the chemical test or North Dakota's refusal statute. We affirm the district court judgment.

[¶ 17] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.