# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 11

State of North Dakota,                                        Plaintiff and Appellee

v.

Garett James Casatelli,                                    Defendant and Appellant

### No. 20200096

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Gail Hagerty, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Dennis H. Ingold, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Chad R. McCabe, Bismarck, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Garett Casatelli appeals from a corrected criminal judgment after he entered a conditional guilty plea to the charge of actual physical control of a motor vehicle with a blood alcohol concentration of 0.08 percent or greater. We conclude Casatelli was not seized in violation of the Fourth Amendment or N.D. Const. art. I, § 8, and the district court did not err in denying his motion to suppress evidence. We affirm.

I

[¶2]   On October 3, 2019, two Burleigh County deputies were dispatched to investigate a report of a loud party. After identifying the residence of the loud party, the deputies parked their patrol vehicles down the street and walked up a long driveway to get to the residence. As they approached, they observed a male, later identified as Casatelli, walk out of the residence's front door; enter a vehicle parked in the driveway; and start the vehicle's engine. A deputy approached the vehicle, knocked on the window, and shined his flashlight into it. Without exchanging words, Casatelli shut off the engine and exited the vehicle.

[¶3]   When the deputy introduced himself and asked about the party, Casatelli said he was a friend of the individuals having the party at the residence. The deputy testified at the suppression hearing that, at this point, he could smell an odor of alcohol and noted Casatelli had bloodshot, watery eyes and his speech was slurred. The deputies then proceeded to investigate the loud-party complaint. After Casatelli accompanied the deputies to the front door, a person who identified herself as a house sitter agreed to allow the deputies to enter to discuss the loud-party complaint. Casatelli went with deputies into the backyard where several individuals had music playing.

[¶4]   After addressing the noise complaint, the deputy who had initially spoken with Casatelli at his vehicle asked Casatelli to accompany him out of the backyard to the front of the house to do field sobriety tests. Casatelli

performed poorly on the tests. He consented to an on-site screening test, which indicated a blood alcohol content of 0.206 percent. He was placed under arrest and taken to the detention center, where he consented to a breath test.

[¶5] In October 2019, the State charged Casatelli with being in actual physical control of a motor vehicle with a blood alcohol concentration of sixteen one-hundredths of one percent by weight or greater, a class B misdemeanor. Casatelli moved the district court to suppress evidence, contending the Burleigh County deputies gained evidence after seizing him from a constitutionally protected area. The State opposed the motion. In January 2020, the district court held an evidentiary hearing on the motion to suppress, at which the two deputies and Casatelli testified.

[¶6] The district court denied his motion, concluding the deputies had acted reasonably and Casatelli's constitutional rights were not violated. The court rejected his argument that he was in a "constitutionally protected area" because it was not his residence and there was no indication he had any expectation of privacy in the area where there was a party. The court further concluded the officers had a reasonable and articulable suspicion that Casatelli had been in actual physical control of a vehicle and was under the influence. The court held the deputies had acted reasonably in investigating the "overlapping situations" and evidence did not support a conclusion Casatelli was forced to accompany officers to do field sobriety testing.

[¶7] Casatelli entered a conditional guilty plea to an amended charge of being in actual physical control of a motor vehicle with a blood alcohol concentration of eight one-hundredths of one percent by weight or greater, reserving his right to appeal the court's denial of his motion to suppress. A corrected criminal judgment was entered in March 2020.

II

[¶8] Our standard for reviewing the district court decision on a motion to suppress is well established:

> [W]e defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. We will affirm a

district court's decision on a motion to suppress if there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. Our standard of review recognizes the importance of the district court's opportunity to observe the witnesses and assess their credibility. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

*City of Bismarck v. Vagts*, 2019 ND 224, ¶ 4, 932 N.W.2d 523 (quoting *State v. Bohe*, 2018 ND 216, ¶ 9, 917 N.W.2d 497).

### III

[¶9]   Casatelli argues that the district court erred in denying his motion to suppress evidence because he was seized in violation of the Fourth Amendment and N.D. Const. art. I, § 8, when he was seized from a "constitutionally protected area."

[¶10]  Both the federal and state constitutions protect "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV; N.D. Const. art. I, § 8. This Court has said:

> An individual's capacity to challenge a search or seizure depends on "whether 'the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect.'" In those interests, an individual is said to have "a reasonable expectation of privacy." A reasonable expectation of privacy has two elements: 1) the individual must exhibit an actual, subjective expectation of privacy, and 2) that expectation must be one that society recognizes as reasonable.

*State v. Gatlin*, 2014 ND 162, ¶ 5, 851 N.W.2d 178 (citations omitted). Under the exclusionary rule, evidence obtained in violation of an individual's rights under the Fourth Amendment or under Article I, Section 8, of the North Dakota Constitution, may not be used against that individual. *State v. Gardner*, 2019 ND 122, ¶ 7, 927 N.W.2d 84. We have said that "[w]hether an individual has a reasonable expectation of privacy *in an area* is reviewed under the de novo standard of review." *State v. Adams*, 2018 ND 18, ¶ 9, 905 N.W.2d

758 (citing *State v. Williams*, 2015 ND 103, ¶ 14, 862 N.W.2d 831) (emphasis added). "Whether there is a reasonable expectation of privacy in a given area must be decided on a case-by-case basis." *Adams*, at ¶ 9 (quoting *State v. Kitchen*, 1997 ND 241, ¶ 12, 572 N.W.2d 106). Regarding a residence, this Court has also explained:

> Several factors that contribute to determining whether a legitimate expectation of privacy exists include: "[W]hether the party has a possessory interest in the things seized or the place searched; whether the party can exclude others from that place; whether the party took precautions to maintain the privacy; and whether the party had a key to the premises."

*Gatlin*, at ¶ 5 (citing *State v. Nguyen*, 2013 ND 252, ¶ 9, 841 N.W.2d 676); *see also Adams*, at ¶ 9.

[¶11] On appeal, Casatelli contends this Court has held that a guest in another's home, even though not an overnight guest, has an expectation of privacy in the home that society is prepared to recognize as reasonable. *See State v. Ackerman*, 499 N.W.2d 882, 884 (N.D. 1993). Casatelli argues he enjoyed an expectation of privacy in a "constitutionally protected area" when he was in the backyard of the residence where he was a guest. He argues probable cause did not exist to arrest him as he stood in the backyard.

[¶12] Casatelli further argues that when police use "coercive tactics" to force a person out of his home to effectuate a warrantless arrest, the arrest is considered to have taken place within the home. He argues this prohibition applies even when crimes are committed in the officer's presence. *See City of Fargo v. Lee*, 1998 ND 126, 580 N.W.2d 580. Casatelli asserts he was a guest in the backyard, less than fifteen feet from the house, and was told he was not free to leave even after he asked if he was free to leave. *See City of Devils Lake v. Grove*, 2008 ND 155, ¶ 9, 755 N.W.2d 485 (holding a person has been "seized" when, in view of all of the circumstances, a reasonable person would have believed that he was not free to leave).

[¶13] Casatelli contends that he was seized when the deputy told him he would like to talk to him away from the party, taking him from the backyard to the front of the house by the garage, where the deputy administered the field

sobriety testing. He argues it is "very clear" he was seized from the backyard when he should have enjoyed an "expectation of privacy" at that time since law enforcement did not have probable cause to arrest him. He argues the evidence obtained during this unlawful search should be excluded.

[¶14] The State responds, however, that the deputies' subsequent entry into the residence was consensual and did not violate the Fourth Amendment and that Casatelli consensually accompanied deputies to the residence. The State contends the deputies' detention of Casatelli to perform field sobriety tests did not violate the Fourth Amendment because the deputies acted reasonably in delaying their investigation of him. The State asserts there is "no dispute" Casatelli was not seized until he was in the backyard with the deputies and the deputy told him he was not free to leave. The State contends probable cause supported Casatelli's arrest, the exclusionary rule does not require suppression of the evidence gathered outside of the residence, and Casatelli has provided no support for his argument that the North Dakota Constitution offers greater protection than the federal Constitution in these circumstances.

[¶15] Here, Casatelli's arguments on appeal focus on whether he was seized in a "constitutionally protected area." We conclude, however, the correct analysis is whether the deputies developed a reasonable and articulable suspicion during their initial encounter with him that Casatelli was in actual physical control of a vehicle while under the influence of alcohol, justifying his detention and further investigation.

[¶16] The constitutionality of an investigative detention is judged under the framework established in *Terry v. Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), which requires that an investigative detention be reasonably related in scope to the circumstances which justified the interference in the first place. *Grove*, 2008 ND 155, ¶ 13, 755 N.W.2d 485 (quoting *State v. Fields,* 2003 ND 81, ¶ 8, 662 N.W.2d 242) (cleaned up). As the Supreme Court explained:

> The predicate permitting seizures on suspicion short of probable cause is that law enforcement interests warrant a limited intrusion on the personal security of the suspect. The scope of the intrusion permitted will vary to some extent with the particular

facts and circumstances of each case. This much, however, is clear: an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. Similarly, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time. It is the State's burden to demonstrate that the seizure it seeks to justify on the basis of a reasonable suspicion was sufficiently limited in scope and duration to satisfy the conditions of an investigative seizure.

*Grove*, at ¶ 13 (quoting *Florida v. Royer*, 460 U.S. 491, 500 (1983)). This Court has applied the *Terry* test to decide whether a seizure is justified, "noting if there is reasonable and articulable suspicion that a person has committed or is about to commit a crime, the seizure is justified." *State v. Casson*, 2019 ND 216, ¶ 14, 932 N.W.2d 380 (citing *State v. Mercier*, 2016 ND 160, ¶ 8, 883 N.W.2d 478).

We have articulated the *Terry* test as requiring a determination of whether the facts warranted the intrusion of the individual's Fourth Amendment rights, and if so, whether the scope of the intrusion was reasonably related to the circumstances which justified the interference in the first place. *Mercier*, at ¶ 9 (citing *State v. Sarhegyi*, 492 N.W.2d 284, 286 (N.D. 1992)). "We use an objective standard: would a reasonable person in the officer's position be justified by some objective evidence in believing the defendant was, or was about to be, engaged in unlawful activity?" *State v. Boyd*, 2002 ND 203, ¶ 14, 654 N.W.2d 392.

*Casson*, at ¶ 14.

[¶17] Relevant to this case, we have said that a law enforcement officer does not need reasonable suspicion to approach an already stopped vehicle. *See Olson v. Levi*, 2015 ND 250, ¶ 9, 870 N.W.2d 222 (citing *Abernathey v. Dep't of Transp.*, 2009 ND 122, ¶¶ 8-9, 768 N.W.2d 485). We have also held that it is reasonable for an officer to knock on a vehicle's window because "[b]y knocking, an officer is doing 'no more than any private citizen might do.'" *Bridgeford v. Sorel*, 2019 ND 153, ¶ 10, 930 N.W.2d 136 (quoting *Florida v. Jardines*, 569 U.S. 1, 8 (2013)); *see also Rist v. N.D. Dep't of Transp.*, 2003 ND 113, ¶ 10, 665 N.W.2d 45; *City of Fargo v. Sivertson*, 1997 ND 204, ¶ 10, 571 N.W.2d 137.

[¶18] The district court found that deputies saw Casatelli leave the residence of the reported loud party, get into a vehicle, and start the engine. After Casatelli exited the vehicle, a deputy introduced himself and asked about the party, and Casatelli said he was a friend of the individuals having the party. The deputy specifically testified that he could smell an odor of alcohol coming from Casatelli's breath; that Casatelli had bloodshot, watery eyes; and that his speech was slurred. These facts, coupled with the fact that deputies had just observed Casatelli leaving a suspected house party, getting into a vehicle, and starting the engine, were sufficient to provide the deputies a reasonable and articulable suspicion that he had committed the offense of actual physical control, justifying further investigative detention.

[¶19] The record also shows that Casatelli accompanied the deputies back to the house and that the house sitter consented to the deputies' entrance to the house and backyard. A deputy testified that Casatelli agreed to accompany the deputies in walking up to the front door of the residence. Casatelli also testified at the hearing and did not dispute this, testifying only that he did not feel free to leave when a deputy later told him to come with him after they had been in the backyard. While Casatelli may have voluntarily followed the deputies into the backyard of the residence, this did not remove the reasonable suspicion regarding his earlier actions of getting into a vehicle and starting the engine. Moreover, it does not establish that the deputies did not enter the backyard without consent or that Casatelli had a reasonable expectation of privacy in that area.

[¶20] It is well established that "[w]arrantless and non-consensual searches and seizures made inside a home are presumptively unreasonable." *Kinsella v. State*, 2013 ND 238, ¶ 10, 840 N.W.2d 625 (citing *Payton v. New York*, 445 U.S. 573, 586 (1980)); *see also State v. Uran*, 2008 ND 223, ¶ 6, 758 N.W.2d 727; *State v. Graf*, 2006 ND 196, ¶ 9, 721 N.W.2d 381. Notwithstanding this presumption, however, consent is "one of the specifically established exceptions to the requirements of both a warrant and probable cause." *Kinsella*, at ¶ 10 (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)); *see also Uran*, at ¶ 6; *Graf*, at ¶ 10. While *Payton* did not deal with whether an initial consensual entry would justify a subsequent warrantless arrest, courts have held that a valid and voluntary consent may be followed by a warrantless in-

home arrest and that a third party with common authority over the premises may give consent to enter. *See United States v. Briley*, 726 F.2d 1301, 1303-04 (8th Cir. 1984); *United States v. Purham*, 725 F.2d 450, 455 (8th Cir. 1984); *United States v. Shigemura*, 682 F.2d 699, 706 (8th Cir. 1982); *see also United States v. Stokes*, 631 F.3d 802, 807-08 (6th Cir. 2011) (quoting *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990)) ("[A] warrant is not required when the officers obtain consent to enter from the suspect or 'from a third party who possesses common authority over the premises.'").

[¶21] Under the totality of the circumstances, we conclude the deputies developed a reasonable and articulable suspicion that Casatelli committed the offense of actual physical control while in the driveway of the residence, before the deputy asked him to leave the backyard to conduct field sobriety tests. During their initial interaction in the driveway, the deputy observed several indicators of impairment and developed reasonable suspicion that Casatelli committed the offense of actual physical control. We further conclude that Casatelli did not have a reasonable expectation of privacy in the backyard of the house. We conclude the district court did not err in denying Casatelli's motion to suppress.

## IV

[¶22] We have considered Casatelli's remaining arguments and conclude they are either unnecessary to our decision or without merit. The corrected criminal judgment is affirmed.

[¶23] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

8