**UNITED STATES of America, Plaintiff,**

v.

**Glenn Joseph ALLEN, Defendant.**

**Crim. No. 90–00002–B.**

United States District Court,
D. Maine.

July 17, 1990.

James L. McCarthy, Asst. U.S. Atty., Bangor, Me., for plaintiff.

N. Laurence Willey Jr., Brewer, Me., for defendant.

## ORDER ON DEFENDANT'S MOTION TO SUPPRESS

HORNBY, District Judge.

The defendant has moved to suppress as evidence an envelope containing LSD, a Schedule I controlled substance.

Both the Government and the defendant agree that before addressing other issues in the Motion to Suppress, the Court should first determine whether the defendant has any standing to challenge the search and seizure of the envelope and its contents.

For the purpose of the motion, the United States and the defendant have stipulated certain facts and the Court adopts that stipulation as its findings of fact. Briefly summarized, the stipulation reveals that law enforcement authorities seized in the United States mails a package addressed to Kurt Humphrey and then searched it. The package contained LSD. Kurt Humphrey, however, was not the intended recipient; he had simply agreed, in exchange for $50, to let his name and address be used as addressee for packages belonging to the defendant, and to deliver these packages, upon receipt, to the defendant. Kurt Humphrey does not claim ownership of either the envelope or its contents. The defendant does claim ownership of both the envelope and its contents, and has moved to suppress.

The United States Supreme Court held in *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), that it does not assist Fourth Amendment analysis to speak in terms of "standing"; instead, we are to confront directly the question whether the proponent of the motion has any Fourth Amendment rights that could be infringed by the search and seizure. *Id.* at 138–40, 99 S.Ct. at 427–28.

In this case, the Government argues that because the defendant was neither the sender nor the addressee of the envelope and its contents, he has no Fourth Amend-

ment interest to assert. The Government cites Supreme Court cases such as *Rakas v. Illinois, supra,* and *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), along with lower court decisions such as *United States v. Koenig,* 856 F.2d 843 (7th Cir.1988), and *United States v. Givens,* 733 F.2d 339 (4th Cir. 1984) (*per curiam*).

*Rakas* held that car passengers who assert no property interest in either a car or its contents have no Fourth Amendment interest that can be infringed by a search of the car. The Court found that the passengers had made "no showing that they had a legitimate expectation of privacy in the glove compartment or area under the seat of the car in which they were merely passengers." 439 U.S. at 148, 99 S.Ct. at 433. In *Rakas,* however, the car passengers had "asserted neither a property nor a possessory interest in the automobile, nor an interest in the property seized." *Id.* Here, on the other hand, the defendant asserts an ownership interest in both the envelope (the equivalent to the car in *Rakas*) and its contents. According to the stipulation, Kurt Humphrey had agreed to receive the envelope and contents in the mail, then deliver them to the defendant in exchange for $50—in other words, a classic bailment for hire.[1] Through this arrangement, the defendant did not relinquish his ownership interest in the envelope or its contents—an interest he continues to assert. *Rakas,* therefore, is not dispositive of this case.

In *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), the petitioner had stashed his drugs in the purse of a woman sitting next to him as the police entered the room; the Court found that the petitioner had no reasonable expectation of privacy in the purse that would permit him to challenge the reasonableness of a search of that purse. The fact that he claimed ownership of the drugs discovered in the purse was one factor to be considered, *id.* at 105, 100 S.Ct. at 2561, but was not sufficient to create Fourth Amendment interest. Other factors that the Court considered were:

(1) In *Rawlings,* the petitioner had known the woman for only a few days. *Id.* at 105, 100 S.Ct. at 2561.

In this case, by contrast, Humphrey has been providing the mail service for Allen for some months.

(2) In *Rawlings,* the petitioner had never had access to the purse prior to the "sudden bailment" as the police were entering. *Id.*

Here, in contrast, the defendant has used his indirect mail arrangement on two previous occasions.

(3) In *Rawlings,* the petitioner had no right to exclude other persons from access to the purse. In fact, someone else had rummaged through it earlier that morning. *Id.*

Here there is no suggestion of any access to the envelope's contents by anyone other than the defendant.

(4) In *Rawlings,* the "precipitous nature of the transaction" did not support any reasonable inference that normal precautions had been taken to maintain privacy. *Id.*

Here, in contrast, the use of a sealed envelope traveling in the United States mails would ordinarily be considered a prudent way to maintain privacy inasmuch as federal law prevents tampering or unauthorized access to the mails. *See, e.g.,* 18 U.S.C. §§ 1701–05, 1708–09.

(5) In *Rawlings,* the petitioner straightforwardly admitted "that he had no subjective expectation that [the] purse would remain free from governmental intrusion." 448 U.S. at 105, 100 S.Ct. at 2561.

---

1. "[A]rcane distinctions" in property law do not control the Fourth Amendment inquiry. *Rakas,* 439 U.S. at 143, 99 S.Ct. at 430. Yet the Supreme Court "has not altogether abandoned use of property concepts in determining the presence or absence of the privacy interests protected by [the Fourth] Amendment." *Id.* at 144, n. 12, 99 S.Ct. at 431, n. 12; *see United States v.*

*Salvucci,* 448 U.S. 83, 91, 100 S.Ct. 2547, 2552, 65 L.Ed.2d 619 (1980) ("While property ownership is clearly a factor to be considered in determining whether an individual's Fourth Amendment rights have been violated, property rights are neither the beginning nor the end of this Court's inquiry.").

Here, there is no such admission. *Rawlings*, therefore, does not furnish much support for the Government's argument that the defendant here has no Fourth Amendment interest.

In *United States v. Koenig, supra,* the Seventh Circuit found no "standing" on the part of appellant Graf who was "neither the sender or the addressee of the package." 856 F.2d at 846. But there, as the court pointed out, Graf never asserted any ownership interest in the package. The court concluded: "Without a privacy interest in the package, Graf lacks standing to assert Fourth Amendment objections to the police conduct." *Id.* The court refused to reach the question whether any proof of an ownership interest in the contents of a parcel, or an ability to control it after delivery to the addressee, might give rise to a recognizable privacy interest. *Id.* In other words, the *Koenig* decision explicitly reserves the question at issue here.

Similarly, in *United States v. Givens, supra,* the Fourth Circuit held that one who is neither the sender nor the addressee of a package cannot raise a Fourth Amendment challenge to its search. 733 F.2d at 342. In *Givens,* however, the appellants asserted a possessory interest only in the *contents* of the package, and not in the mailing envelope and cassette, which contained the contraband. *Id.* at 341. Treating the addressee as the owner of the containers, the Fourth Circuit found that since the owner could control the use of and access to the containers, the appellants had relinquished their right to exclude others. *Id.* at 342. In *Givens,* moreover, the president of the corporation that was the addressee of the package participated with the police in opening the envelope and cassette. *Id.* at 340. Here, the defendant has asserted ownership to the container (the envelope) itself, the addressee has disclaimed any interest, and no one with an ownership interest or any other possessory or privacy interest participated in the search and seizure. *Givens,* therefore—although closer on the facts than the other cases—still has important differences from this case.

Only one First Circuit case seems at all analogous to the circumstances of this case. In *United States v. Rodriguez–Ramos,* 704 F.2d 17 (1st Cir.), *cert. denied,* 463 U.S. 1209, 103 S.Ct. 3542, 77 L.Ed.2d 1391 (1983), the First Circuit found no Fourth Amendment interest to support a defendant's challenge to the warrantless search of a travel bag carried by his female companion. The court observed that giving custody of luggage to a traveling companion does not alone defeat an expectation of privacy, but it upheld the trial court's factual findings that the bag in question actually belonged to the female companion rather than to the defendant and that she was using it at the time to carry her personal belongings. The First Circuit stated, however:

> That does not in itself make an end of the matter. There are circumstances in which the relationship between the traveling companions, the conditions of the bailment, or the precautions taken to maintain privacy could substantiate an expectation of privacy on the part of a traveler who deposits personal possessions in a companion's traveling bag.

704 F.2d at 21. In other words, all the circumstances must be taken into account.

It is now well settled that the question whether a Fourth Amendment challenge can be asserted depends upon whether the person pressing the challenge has "legitimate privacy expectations" with respect to the object at stake. *United States v. Aguirre,* 839 F.2d 854, 856 (1st Cir.1988). The First Circuit has offered the following list of factors pertinent to that inquiry:

> ownership, possession, and/or control; historical use of the property searched or the things seized; ability to regulate access; the totality of the surrounding circumstances; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of such an expectancy under the facts of a given case.

*Id.* at 856–57. Applying those factors here, I find from the stipulation:

(1) The defendant asserts ownership of the envelope and its contents and no one

else asserts any ownership or possessory interest.

(2) With respect to historical use, on two previous occasions this same procedure was used and Humphrey delivered the material without incident to Allen, apparently with no breach of privacy.

(3) With respect to ability to regulate access, federal law precluded access by others while the item was in the United States mails. After it was delivered, Humphrey could, obviously, permit access to anyone, as is always the case when a third party has custody of something belonging to another. But there is no suggestion here that any such access was contemplated in the circumstances of this bailment for hire.

(4) The totality of the surrounding circumstances are such that Allen seems to have maintained close check on the delivery, calling frequently to inquire concerning its arrival. Humphrey was in the process of making a prompt delivery to the defendant when he was stopped.

(5) The defendant had a subjective anticipation of privacy.

(6) The defendant's expectation of privacy was objectively reasonable, because federal law protects objects in the United States mails from unauthorized access, except in limited circumstances, and because he had arranged a bailment with Humphrey pursuant to which Humphrey was to deliver the package to him upon receipt. When an individual asks someone else to receive mail for him, he does not by that fact alone surrender a reasonable expectation of privacy. *See* 3 LaFave, *Searches & Seizures* § 11.3(f).

Under all the facts and circumstances, I conclude, therefore, that the defendant is entitled to assert a Fourth Amendment interest with respect to the search and seizure of the envelope containing LSD.

In light of this finding counsel shall notify the court within seven days what further proceedings are necessary on the motion to suppress. In addition, counsel shall notify the court which other pending motions require action.

Dated at Portland, Maine this 17th day of July, 1990.