2016 ND 158

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Brandon Mark HEIER, Defendant and Appellant.**

No. 20160039.

Supreme Court of North Dakota.

July 28, 2016.

Britta K. Demello Rice, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Bobbi Brown Weiler, Bismarck, N.D., for defendant and appellant.

McEVERS, Justice.

[¶ 1] Brandon Heier appeals from an order deferring imposition of sentence entered after he conditionally pled guilty to conspiracy to deliver a controlled substance and reserved the right to appeal the denial of his motion to suppress. Heier argues his right to be free from unreasonable searches and seizures was violated when an officer seized his backpack and transported it to the police department. We affirm.

I

[¶ 2] On December 3, 2014, the landlord of a Bismarck apartment building, called police to report an odor of marijuana coming from apartment 10. Heier's friend, Noah Hoffer, was the tenant renting apartment 10.

[¶ 3] Three Bismarck Police officers responded to the call and noted an odor of marijuana coming from the apartment. Two of the officers left to secure a search warrant for the apartment, and Detective Jerry Stein arrived at the apartment building to assist with executing the search warrant. The landlord approached Stein and told Stein that he had warned Hoffer multiple times to stop smoking marijuana in the apartment, he received another complaint about marijuana use that day, he went to apartment 10 but no one was home, and he entered the apartment and found a black backpack. The landlord led Stein to apartment 1, showed him the backpack, told him there were three jars of marijuana in the backpack, attempted to hand the backpack to Stein, and said "Here you go; here's the backpack."

Stein testified a strong odor of marijuana was emanating from the backpack, and he told the landlord to put the backpack on the table while he decided what to do. The landlord informed Stein that he had removed the backpack from apartment 10 and moved it to apartment 1, which was vacant. The landlord told Stein he looked in the backpack and saw three jars of marijuana, but Stein testified the backpack was zipped closed and he could not see what the bag contained.

[¶ 4] Stein attempted to contact the officers who were securing the warrant for the apartment to request they also obtain a warrant for the backpack, but he was unable to reach them. Stein placed the backpack in his vehicle and later transported it to the police department. On December 10, 2014, Stein obtained a search warrant for the backpack and found three jars containing marijuana, a digital scale, and plastic baggies when he searched the bag.

[¶ 5] Heier was charged with conspiracy to deliver a controlled substance. He moved to suppress evidence, arguing law enforcement unlawfully seized the backpack and any evidence discovered after the seizure should be suppressed. After a hearing, the district court denied Heier's motion to suppress. The court concluded the seizure was not unreasonable because the backpack was removed from the apartment by the landlord, the landlord searched the bag, and Stein detected an odor of marijuana coming from the bag. Heier conditionally pled guilty, reserving the right to appeal the denial of his motion to suppress.

II

[¶ 6] Heier argues the district court erred in denying his motion to sup-

press because the police violated his Fourth Amendment rights when they seized and moved his backpack without a warrant.

[¶ 7] We defer to the district court's factual findings in reviewing the court's ruling on a motion to suppress, and we resolve conflicts in testimony in favor of affirmance. *State v. Nickel,* 2013 ND 155, ¶ 12, 836 N.W.2d 405. The court's factual findings will not be reversed if there is sufficient competent evidence fairly capable of supporting the findings and the court's decision is not contrary to the manifest weight of the evidence. *Id.* Questions of law are fully reviewable, and the ultimate conclusion of whether the facts meet a particular legal standard is a question of law. *Id.*

[¶ 8] The Fourth Amendment of the United States Constitution and Article I, Section 8 of the North Dakota Constitution give people the right to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. *See Nickel,* 2013 ND 155, ¶ 13, 836 N.W.2d 405. Heier's backpack is an "effect" entitled to protection from unreasonable searches or seizures. *Cf. Nickel,* at ¶ 14 (stating a wrapped package was an effect). "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *Id.* at ¶ 20 (quoting *United States v. Jacobsen,* 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984)). "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *Nickel,* at ¶ 20 (quoting *Jacobsen,* at 113, 104 S.Ct. 1652).

[¶ 9] Heier contends his backpack was seized when the officer placed it in his vehicle and transported it to the police department. Heier argues the officer's seizure of the bag violated his Fourth Amendment rights unless the officer had probable cause and a warrant or an exception to the warrant requirement applies.

[¶ 10] The United States Supreme Court has said the Fourth Amendment has consistently been construed as "proscribing only governmental action; it is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'" *Jacobsen,* 466 U.S. at 113, 104 S.Ct. 1652 (quoting *Walter v. United States,* 447 U.S. 649, 662, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980)). When an initial invasion of a person's privacy is occasioned by private action, the additional invasion by a government agent must be tested by the degree to which the government agent exceeded the scope of the private invasion. *Jacobsen,* at 115, 104 S.Ct. 1652. "Once frustration of the original expectation of privacy occurs, the Fourth Amendment does not prohibit governmental use of the now-nonprivate information.... The Fourth Amendment is implicated only if the authorities use information with respect to which the expectation of privacy has not already been frustrated." *Id.* at 117, 104 S.Ct. 1652. The Court further said that "it is well-settled that it is constitutionally reasonable for law enforcement officials to seize 'effects' that cannot support a justifiable expectation of privacy without a warrant, based on probable cause to believe they contain contraband." *Id.* at 121–22, 104 S.Ct. 1652.

[¶ 11] In this case, Heier's backpack was initially located in apartment 10, but the landlord removed the backpack from the apartment and placed it in apartment 1 after he found the bag contained three jars of marijuana. The landlord searched the bag, took possession of it, and moved it to

another location. Evidence established officers did not learn about the backpack until after they arrived at the apartment building and the landlord had moved the bag. Heier does not allege that the landlord was acting as a government agent. Law enforcement was not involved in any impropriety in seizing the backpack from apartment 10. The search and seizure of the backpack were the actions of a private individual and the Fourth Amendment does not apply. *See United States v. Ziperstein*, 601 F.2d 281, 289–90 (7th Cir. 1979) (stating documents allegedly stolen should not be suppressed because they were turned over to the government without government involvement in any impropriety); *United States v. Beasley*, 485 F.2d 60, 65 (10th Cir.1973) (holding evidence obtained by private person is not the product of a government search and is not subject to exclusion under the Fourth Amendment); *People v. Henderson*, 38 Colo.App. 308, 559 P.2d 1108, 1111–12 (1976) (holding actions of store employee in removing stolen items from defendant's car and giving them to police did not violate the Fourth Amendment); *Commonwealth v. Brandwein*, 435 Mass. 623, 760 N.E.2d 724, 731 (2002) (holding the exclusionary rule does not exclude evidence a private party turned over to police obtained by purely private conduct or misconduct); *State v. Buswell*, 460 N.W.2d 614, 616–18 (Minn.1990) (holding a private search, even if unreasonable, will not result in evidence seized being suppressed because there is no constitutional violation); *State v. Zagorski*, 701 S.W.2d 808, 812–13 (Tenn.1985) (holding search and seizure was effected by a private individual and the Fourth Amendment did not apply when property owner called police to pick up defendant's personal property after property owner removed it from the place defendant had been staying and placed it in the driveway).

[¶ 12] The landlord's actions in searching and seizing the backpack frustrated and lessened Heier's expectation of privacy, but the invasion did not eliminate Heier's expectation of privacy because the landlord did not search the entire bag. *See Walter*, 447 U.S. at 659, 100 S.Ct. 2395; *People v. Nash*, 418 Mich. 196, 341 N.W.2d 439, 442–43 (1983) (stating landlord's search and removal of a box from a rental unit lessened the expectation of privacy). Any additional invasions by law enforcement of the remaining unfrustrated portion of the owner's expectation of privacy violates the Fourth Amendment and must be tested by the degree to which they exceeded the scope of the private invasion. *Jacobsen*, 466 U.S. at 115, 104 S.Ct. 1652. Here, Stein did not search the bag until he obtained a search warrant at a later date. The officers therefore did not exceed the scope of the initial invasion of Heier's privacy.

[¶ 13] Citing *State v. Ressler*, 2005 ND 140, 701 N.W.2d 915, and *Nickel*, 2013 ND 155, 836 N.W.2d 405, Heier claims this Court has given greater protections in the seizure of private property since *Jacobsen*. Heier contends the facts of this case are similar to those in *Ressler* and *Nickel*, and probable cause alone was not enough for Stein to seize the bag without violating his Fourth Amendment rights and an exception to the warrant requirement was required.

[¶ 14] In *Ressler*, 2005 ND 140, ¶¶ 2–4, 701 N.W.2d 915, the defendant, Ressler, brought a package to a private shipping outlet to ship the package to another state, the owner of the shipping outlet became suspicious and opened the package, the package contained magazines with money in various pages throughout the magazine, and the store owner called police and showed the officers the opened package. Officers transported the package from the

store to a nearby law enforcement center to conduct a canine sniff test, the canine alerted, and the officers then inventoried the package, finding $9,800 in bills. *Id.* at ¶ 4.

[¶ 15] This Court held the officers had reasonable suspicion when they moved the package from the store to the law enforcement center. *Ressler*, 2005 ND 140, ¶ 11, 701 N.W.2d 915. The Court also held the officers exercised meaningful interference with Ressler's minimal possessory right in the shipped package and the movement of the package was a "full-fledged" seizure under the Fourth Amendment. *Id.* at ¶¶ 14, 19. We held reasonable suspicion alone was enough to justify detaining the package at the shipping store pending further investigation, but a full-fledged seizure required either probable cause supported by an exception to the warrant requirement or a warrant to be valid. *Id.* at ¶¶ 18–19. We noted the officers could not seize the package to a greater extent than by placing it in their exclusive control, removing it from the location where Ressler submitted it for shipping, and transporting it to a law enforcement center. *Id.* at ¶ 19. We said, "A *Terry [v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968),] stop of a package is distinguishable from a full-fledged seizure supported by probable cause, and we hold reasonable suspicion was an inadequate basis upon which to transport Ressler's package to the law enforcement center." *Ressler*, at ¶ 19.

[¶ 16] In *Nickel*, 2013 ND 155, ¶ 2, 836 N.W.2d 405, the defendant, Nickel, had a package from his business brought to a private shipping outlet to ship next-day-air to California. The owner of the shipping outlet became suspicious about the contents of the package and reported the package to law enforcement. *Id.* at ¶ 3. Officers arrived at the shipping outlet, the

owner told the officers about the package and then opened it in front of them, and the officers saw several large Ziploc bags containing plant material in clear plastic tubes. *Id.* at ¶ 4. The officers were unable to identify the plant material but believed it was a synthetic cannabinoid and did not know whether it was legal or illegal. *Id.* at ¶ 5. The officers inventoried the package without a warrant and took some of the contents to the state' crime lab for testing and the rest to the law enforcement center. *Id.* at ¶ 6.

[¶ 17] This Court held the officers legitimately observed the contents of the package, but the warrantless seizure and removal of the contents, without an exception to the warrant requirement, violated the Fourth Amendment. *Nickel*, 2013 ND 155, ¶ 33, 836 N.W.2d 405. We said, assuming the officer had probable cause after the owner of the shipping outlet opened the package, the plain view exception did not justify warrantless seizure of the package under the facts and circumstances of the case. *Id.* at ¶ 28. We said there are essential predicates for a valid warrantless seizure of evidence in plain view, including the object's incriminating character must be immediately apparent, and the record did not establish the immediate incriminating character of the seized package. *Nickel*, at ¶¶ 30–31.

[¶ 18] This case is different from both *Ressler* and *Nickel*. In *Ressler*, 2005 ND 140, ¶ 15, 701 N.W.2d 915, the officer only had reasonable suspicion; and in *Nickel*, 2013 ND 155, ¶ 28, 836 N.W.2d 405, we did not decide whether the officer had probable cause, but we assumed there was probable cause for purposes of deciding the issue raised and held the record did not establish the requirements for the plain view exception were met. In this case, Heier conceded the officer had probable cause to believe the backpack contained

contraband. Moreover, in this case a private party, the landlord, seized the backpack, taking control and possession of the backpack. The landlord removed the backpack from its location in apartment 10, searched the bag, and then turned it over to police. The landlord exercised meaningful interference with Heier's possessory right in the backpack and then gave the bag to police. In *Ressler* and *Nickel,* however, the packages remained at the shipping outlet where the defendants had left them until officers removed them. We explained that the officers' actions moving the packages from the shipping outlet to a law enforcement center was a "full-fledged seizure" and the officers exercised meaningful interference with Ressler's and Nickel's minimal, yet present possessory right in the shipped package. *Ressler,* at ¶¶ 14, 19; *Nickel,* at ¶¶ 26, 33.

[¶ 19] The landlord "seized" the backpack when he took possession of it, removed it from apartment 10, and placed it in apartment 1. The landlord turned the backpack over to police. The Fourth Amendment does not apply to a search or a seizure effected by a private person. We conclude the district court did not err in denying Heier's motion to suppress.

### III

[¶ 20] We affirm the order deferring imposition of sentence and the order denying Heier's motion to suppress.

[¶ 21] GERALD W. VANDE WALLE, C.J., DANIEL D. NARUM, D.J., DANIEL J. CROTHERS and CAROL RONNING KAPSNER, JJ., concur.

[¶ 22] The Honorable DANIEL D. NARUM, D.J., sitting in place of SANDSTROM, J., disqualified.