Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 18

State of North Dakota, Plaintiff and Appellee

v.

Casey Olson Adams, Defendant and Appellant

No. 20170163

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Carmell F. Mattison, Assistant State’s Attorney, Grand Forks, ND, for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

State v. Adams

No. 20170163

McEvers, Justice.

[¶1] Casey Adams appeals from a criminal judgment entered after a jury found him guilty of possession of drug paraphernalia.  We affirm, concluding Adams’ argument that the evidence at the preliminary hearing did not support the district court’s probable cause finding is moot.  We further conclude the district court did not err in denying Adams’ motion to suppress evidence because Adams failed to show he had a reasonable expectation of privacy in the backpacks.

I

[¶2] On June 24, 2016, police received a report of suspicious activity in a Grand Forks parking lot.  The caller reported individuals moving backpacks from a Nissan into a Cadillac, among other suspicious behavior.  Three officers responded to the scene.  The officers testified they observed the individuals displaying odd behavior, consistent with drug use.  One officer observed a blue container he believed to be drug paraphernalia inside the Cadillac, indicating he saw a crystal or powder substance on it and it was similar to a container used in a separate drug related call less than 24 hours prior.  Three individuals were in the Cadillac and Adams was in the Nissan.  No consent was given to search either vehicle.  Based on the observation of the blue container in plain view, the officers searched the Cadillac and seized more than 80 items relating to drug use.

[¶3] Adams moved to suppress the evidence seized from the Cadillac.  Adams argued his Fourth Amendment rights were violated on the basis that the search of the vehicle was a warrantless search for which no valid exceptions applied.  The district court concluded Adams did not have a reasonable expectation of privacy in the Cadillac or the containers within the vehicle and therefore lacked “standing” to challenge the search and seizure of evidence from those areas.  The court denied Adams’ motion to suppress evidence.

[¶4] In March 2017, the district court held a trial and the jury returned verdicts of not guilty to possession of heroin and guilty to possession of drug paraphernalia.

II

[¶5] Adams argues the district court erred by finding probable cause he possessed the drugs and drug paraphernalia at the preliminary hearing.  It is unnecessary to decide whether the district court erred when it found probable cause existed to bind Adams over for trial, because that issue became moot when the charges were tried. 

[¶6] In 
State v. Montplaisir
, 2015 ND 237, ¶ 16, 869 N.W.2d 435, this Court held:

[A] district court’s decision at a preliminary hearing that probable cause existed to bind a defendant over for trial is rendered moot once the trial is held.  A defendant who is found guilty at trial may not, on appeal, challenge the district court’s decision on probable cause at the preliminary hearing.

Therefore, we need not address Adams’ argument alleging the district court erred in finding probable cause existed to bind him over for trial.

III

[¶7] Adams argues he had a reasonable expectation of privacy in the backpacks contained in the Cadillac.  The State argues Adams lacked standing to contest the search.  Adams only raises the privacy issue as to the backpacks contained within the Cadillac.  Adams does not argue he has a privacy interest in the Cadillac itself.

[¶8] When reviewing a district court’s decision on a motion to suppress:

We will defer to a [district] court’s findings of fact in the disposition of a motion to suppress.  Conflicts in testimony will be resolved in favor of affirmance, as we recognize the [district] court is in a superior position to assess credibility of witnesses and weigh the evidence.  Generally, a [district] court’s decision to deny a motion to suppress will not be reversed if there is sufficient competent evidence capable of supporting the [district] court’s findings, and if its decision is not contrary to the manifest weight of the evidence.

State v. Gatlin
, 2014 ND 162, ¶ 4, 851 N.W.2d 178 (citation omitted).

[¶9] Whether an individual has a reasonable expectation of privacy in an area is reviewed under the de novo standard of review.  
State v. Williams
, 2015 ND 103, ¶ 14, 862 N.W.2d 831.

An individual’s capacity to challenge a search or seizure depends on “whether ‘the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect.’” In those interests, an individual is said to have “a reasonable expectation of privacy.”  A reasonable expectation of privacy has two elements: 1) the individual must exhibit an actual, subjective expectation of privacy, and 2) that expectation must be one that society recognizes as reasonable.

Gatlin
, 2014 ND 162, ¶ 5, 851 N.W.2d 178 (citations omitted).  “Whether there is a reasonable expectation of privacy in a given area must be decided on a case-by-case basis.”  
State v. Kitchen
, 1997 ND 241, ¶ 12, 572 N.W.2d 106.  In the context of a search of a residence, this Court has stated:

Several factors that contribute to determining whether a legitimate expectation of privacy exists include: “[W]hether the party has a possessory interest in the things seized or the place searched; whether the party can exclude others from that place; whether the party took precautions to maintain the privacy; and whether the party had a key to the premises.”

Gatlin
, at ¶ 5 (citing 
State v. Nguyen
, 2013 ND 252, ¶ 9, 841 N.W.2d 676).  Vehicles, however, may be searched under circumstances where searches of buildings would not be allowed based on the ambulatory nature of automobiles and a lesser expectation of privacy in automobiles.  
State v. Stockert
, 245 N.W.2d 266, 269 (N.D. 1976) (citing 
Cady v. Dombrowski
, 413 U.S. 433 (1973)).

[¶10] Whether someone has an expectation of privacy arising out of facts similar to this case has not yet been established in North Dakota.  It is not argued Adams had a legitimate expectation of privacy in the Cadillac.  Adams is not the owner of the Cadillac, nor was he a passenger in the Cadillac.  We look at “whether a person who cannot establish standing by showing either an interest in the vehicle or lawful presence at the time of the seizure or search may do so by virtue of the fact that effects taken from the car by the police belong to him.”  Wayne R. LaFave, 
Search and Seizure: A Treatise on the Fourth Amendment
 § 11.3(e), at 276 (5th ed. 2012).

The owner of a container will lose his standing to object to the search of it if he abandons it prior to the time of the search, including those instances in which the defendant intends to retrieve the object later but leaves it in circumstances manifesting no justified expectation of privacy.  As has been previously noted, a mere disclaimer of ownership in an effort to avoid making an incriminating statement in response to police questioning should not alone be deemed to constitute abandonment.  But it is fair to say that a disclaimer plus a bit more will more readily establish abandonment as to a container at rest in a public place than as to a dwelling or even a lawfully parked vehicle.  The question is whether the owner has “voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.”

Id.
 § 11.3(f), at 286-88.

[¶11] When considering whether someone has a reasonable expectation of privacy in a container found within an automobile, courts will look at whether the individual (1) asserts ownership of the container, (2) asserts ownership of the vehicle, (3) testifies or presents evidence establishing possessory interest in the container, (4) was present at the time of the search, and (5) whether the container itself has identifying markings or if the contents within have identifying characteristics.  
See U.S. v. Smith
, 621 F.2d 483, 487 (2nd Cir. 1980) (finding a defendant who was not the owner of the vehicle, was not present at the time of the search, and denied ownership of items found in the truck did not have standing); 
U.S. v. Parada
, 577 F.3d 1275, 1280 (10th Cir. 2009) (finding a defendant did not establish he had standing to challenge the search of the container when he did not respond regarding ownership of the container, did not testify or present evidence establishing possessory interest in the container, and did not have personal belongings in the container); 
U.S. v. Zabalaga
, 834 F.2d 1062, 1065 (D.C. Cir. 1987) (holding there is no legitimate expectation of privacy in a container when a defendant fails to assert any claim to the container and when there were no identifying markings on the container or the contents within).

[¶12] Here, at the time of the search, Adams denied ownership of the backpacks.  Adams did not own the Cadillac nor was he a passenger.  At the suppression hearing, Adams did not present any evidence to establish that he had a legitimate expectation of privacy in the backpacks seized from the Cadillac.  Adams was present at the time of the search, but only objected to the search of the Nissan, which was not searched.  Furthermore, the record does not indicate there were any identifying marks showing any ownership on the backpacks.  Based on these facts, Adams did not have a reasonable expectation of privacy in the backpacks to challenge the search or seizure.

IV

[¶13] We have considered Adams’ remaining arguments and find them to be either without merit or unnecessary to our decision.  We affirm the criminal judgment.

[¶14] Lisa Fair McEvers

Daniel J. Crothers

Jon J. Jensen

Gerald W. VandeWalle, C.J.

Tufte, Justice, concurring.

[¶15] I concur in the result.  The majority faithfully applies the Fourth Amendment cases and treatises to the case at hand.  I would reach the same result more directly by direct application of the constitutional text.

[¶16] Both the federal and state constitutions protect “[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . .”  U.S. Const. amend. IV; N.D. Const. art. I, § 8.  As a matter of plain language, Adams’ backpack is protected only if it is a person, house, paper, or effect.  A backpack is undoubtedly an effect.  To be within the “right of the people to be secure in 
their
 . . . effects,” Adams must also show the backpack is 
his
 effect.  At the time of the search, Adams denied ownership of the backpack, did not object to the search, was not in the car where the backpack was located, and there was no visual indication on the backpack indicating Adams’ possession or ownership.  Majority, at ¶ 11.  We can conclude Adams’ claim fails because the backpack was not his effect at the time of the search.

[¶17] The district court and the majority weigh essentially the same considerations of possession and ownership, but through a less direct analysis untethered to the text.  The leading treatise cited by the majority considers possession and ownership interests under the rubric of standing, which generally refers to whether a party has the right to bring a claim by virtue of a sufficient personal stake in the outcome to ensure adequate adversity in presentation of issues.  
See
 
Baker v. Carr
, 369 U.S. 186, 204 (1962); 
Whitecalfe v. North Dakota Dep’t of Transp.
, 2007 ND 32, ¶ 15, 727 N.W.2d 779.  The majority applies a five-part test for when one has a reasonable expectation of privacy in a container found within a vehicle.  Both standing and the five-part test boil down to whether Adams claimed sufficient possession or ownership, which is the proper focus.  We would bring greater clarity to frame this inquiry in terms of the constitutional text—whether people in Adams’ position could say it was “their . . . effect.”

[¶18] Adams argues there is a contradiction in saying he lacked sufficient possessory interest in the backpack to object to its search but had sufficient possessory interest in the backpack to be convicted of possessing the drug paraphernalia inside.  The jury heard evidence sufficient to support the conclusion that the backpack had been in Adams’ car immediately before being put in the Cadillac.  The jury could find Adams possessed the backpack when it was in his car and no longer possessed it after it was moved to the other car.  Thus, there is no inconsistency between his conviction for possession of drug paraphernalia and the conclusion that at the time of the search he no longer claimed possession or ownership of the backpack.

[¶19] Jerod E. Tufte