# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND122

State of North Dakota,                                    Plaintiff and Appellee

v.

Steven Gardner,                                          Defendant and Appellant

No. 20180239

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Wade L. Webb, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Mark R. Boening, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Luke T. Heck (argued) and Drew J. Hushka (on brief), Fargo, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]     Steven Gardner appeals from an order deferring imposition of sentence following his conditional guilty plea to conspiracy to possess methamphetamine with intent to deliver, as well as from an order denying his motion to suppress evidence found in a package that was neither addressed to him nor sent to his residence. Gardner argues he was the owner of a package unconstitutionally seized by police officers and his rights were violated by the seizure and subsequent search of the package. The State argues Gardner did not establish a personal, possessory interest in the property sufficient to support a claim that his rights were violated. We reverse the district court's order denying Gardner's motion to suppress, and remand to allow Gardner to withdraw his guilty plea.

I

[¶2]     United Parcel Service ("UPS") notified law enforcement about a suspicious package in its possession addressed to a "Paulie Mccaff" at a residence on 9th Street North in Fargo. A Fargo police officer asked UPS to set the package aside so a canine search of the package could be performed. UPS set the package aside when it arrived in Fargo, but would not permit Fargo Police Department canines on UPS property. UPS told the officer he could temporarily take the package elsewhere to conduct a canine search. The officer took the package to the City of Fargo Public Safety Building, where a second officer conducted a canine free air sniff. The dog alerted on the package. After obtaining a search warrant for the package, the officers searched it and found methamphetamine inside. Officers learned that Paul Metcalf lived in apartment four at the address listed on the package. An officer identified a vehicle registered to Paul Metcalf in the apartment parking lot and attempted delivery of the package at the apartment. Metcalf answered the door, showed his North Dakota identification and accepted the package. Moments later officers searched the

1

apartment and detained Metcalf, who was alone in the apartment. Metcalf told law enforcement that his brother would send packages to the apartment, intending them for Gardner. Metcalf described himself as a "middle man" regarding the packages. Upon receipt of a package, Metcalf was to call Gardner, who would come and pick up the package. Metcalf told police the package was Gardner's and Gardner would ordinarily give him some methamphetamine for the use of his address. At the officers' request, Metcalf called Gardner to come pick up the package. When Gardner arrived, Metcalf gave him the package. Gardner did not pay Metcalf or otherwise exchange anything for the package. Upon leaving the apartment building with the package, Gardner was arrested. Gardner filed a motion to suppress the evidence resulting from the package search.

[¶3]   After conducting a hearing, the district court found that the package was an "effect" for purposes of the Fourth Amendment. Relying on *State v. Ressler*, 2005 ND 140, ¶ 25, 701 N.W.2d 915, the court determined that the removal of the package from UPS to conduct a canine search was an illegal seizure. In ultimately denying Gardner's motion to suppress, the court concluded Gardner lacked a sufficient personal interest in the package to claim the illegal seizure violated his constitutional rights. The district court focused exclusively on the package characteristics and the fact that Gardner's name and address were not on the package. Adding that Gardner did not live at the address where the package was delivered, the court concluded, "I see no real connections whatsoever of Mr. Gardner to the package."

II

[¶4]   The issue on appeal is whether, under the Fourth Amendment to the United States Constitution, or Article I, § 8 of the North Dakota Constitution, an individual may assert his right against unreasonable searches and seizures relating to a package that was neither addressed to him nor sent to property where he was living. If such facts do not categorically bar Gardner's claim, we then must consider whether the totality of circumstances presented in the evidence before the district court supports

2

a finding that Gardner lacked a sufficient possessory interest in the package to assert a violation of his personal rights.

[¶5]    When reviewing a district court's decision on a motion to suppress:

> We will defer to a district court's findings of fact in the disposition of a motion to suppress. Conflicts in testimony will be resolved in favor of affirmance, as we recognize the district court is in a superior position to assess credibility of witnesses and weigh the evidence. Generally a district court's decision to deny a motion to suppress will not be reversed if there is sufficient competent evidence capable of supporting the district court's findings, and if its decision is not contrary to the manifest weight of the evidence.

*State v. Adams*, 2018 ND 18, ¶ 8, 905 N.W.2d 758. Although we defer to the district court's resolution of underlying factual disputes, the ultimate conclusion of whether the facts satisfy the applicable legal standard is a question of law fully reviewable on appeal. *State v. Nickel*, 2013 ND 155, ¶ 12, 836 N.W.2d 405.

[¶6]    An individual challenging a search or seizure has the initial burden to show a constitutionally protected personal interest implicated by the search or seizure. *State v. Zacher*, 2015 ND 208, ¶ 7, 868 N.W.2d 847; *State v. Glaesman*, 545 N.W.2d 178, 182 n.1 (N.D. 1996) ("In suppression cases, the defendant has the initial burden of establishing a prima facie case that the evidence was illegally seized."). When the State conducts a search or seizure without a warrant, it bears the burden of overcoming the presumption that a warrantless search or seizure is unreasonable. *State v. Pogue*, 2015 ND 211, ¶¶ 10-11, 868 N.W.2d 522; 5 Wayne R. LaFave, *Search and Seizure* § 11.2(b), p. 38 (3d ed. 1996) (stating "if the search or seizure was pursuant to a warrant, the defendant has the burden of proof; but if the police acted without a warrant the burden of proof is on the prosecution"). Where the issue is whether the defendant's personal rights have been violated, as opposed to the rights of a third party, we have said the defendant bears the burden to show a sufficient personal interest in the asserted violation. *See State v. Raywalt*, 444 N.W.2d 688, 689 (N.D. 1989) ("Once the State raises lack of standing, it is the defendant's burden to establish that he had a legitimate expectation of privacy in the place searched.").

[¶7] The exclusionary rule is an attempt to effectuate the search and seizure protections of the state and federal constitutions. *State v. Klevgaard*, 306 N.W.2d 185, 190 (N.D. 1981) (describing the rule's two purposes: "(1) to deter unlawful police conduct and . . . (2) to preserve judicial integrity by not permitting evidence tainted with illegality to be admitted in court"). Although originally applied by the United States Supreme Court to exclude evidence obtained in violation of the Fourth Amendment, *Mapp v. Ohio*, 367 U.S. 643 (1961), this Court has also applied the exclusionary rule to violations of Article I, § 8 of the North Dakota Constitution. *State v. Stockert*, 245 N.W.2d 266, 271 (N.D. 1976). An individual is entitled to the protection of the exclusionary rule only if *the individual's own* constitutional rights were violated—the individual may not claim violation of a third party's rights. *State v. Oien*, 2006 ND 138, ¶ 8, 717 N.W.2d 593; *State v. Fischer*, 270 N.W.2d 345, 349 (N.D. 1978) (citing *Mancusi v. DeForte*, 392 U.S. 364, 366 (1968) ("Fourth Amendment rights are personal rights, and . . . may be enforced by exclusion of evidence only at the instance of one whose own protection was infringed by the search and seizure.")) (*abrogated* on other grounds); *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.").

[¶8] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The constitutional text tells us a violation occurs when four things are true: (1) the State engaged in a search or seizure of (2) the claimant's (3) person, house, paper, or effect, and (4) the search or seizure unreasonably violated the claimant's right to be secure in the object searched or seized. *See State v. Planz*, 304 N.W.2d 74, 77 (N.D. 1981).

[¶9] First, was there a "search" or a "seizure" by the State? *State v. Garrett*, 1998 ND 173, ¶ 13, 584 N.W.2d 502 ("It is axiomatic that the Fourth Amendment's

4

protection from unlawful search and seizures is not triggered unless there has in fact been a 'search' or 'seizure' by the State."). Our cases have consistently considered a "search" to implicate the constitutional protection in the context of the "reasonable expectation of privacy" test. *Id.* (citing *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring)). *United States v. Jones* emphasized that *Katz*' definition supplemented rather than replaced the plain meaning of a "search" as an "intrusion of a constitutionally protected area in order to obtain information." 565 U.S. 400, 407 (2012). A "seizure" of a person occurs when the state meaningfully interferes with the person's liberty or freedom of movement. *State v. Mercier*, 2016 ND 160, ¶ 12, 883 NW.2d 478. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *State v. Heier*, 2016 ND 158, ¶ 8, 883 N.W.2d 454; *Ressler*, 2005 ND 140, ¶ 12, 701 N.W.2d 915 ("Initially, we must decide whether . . . movement of the package constituted a seizure at all."); *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

[¶10]   Second, was the item subject to search or seizure owned or possessed by the person or persons claiming protection at the time of the search or seizure—was it "their" effect? This is the point of contention here, as discussed below.

[¶11]   Third, is the item that was allegedly seized or searched a person, house, paper, or effect? A search or seizure implicates the constitution if it is directed at something within one of the enumerated categories: "persons, houses, papers and effects." *See Heier*, 2016 ND 158, ¶ 8, 883 N.W.2d 454; *Lubenow v. N.D. State Highway Comm'r*, 438 N.W.2d 528, 532 (N.D. 1989); *Oliver v. United States*, 466 U.S. 170, 176-77 (1984) (rejecting argument that open fields were "effects" and stating *Katz*' "reasonable expectation of privacy" standard did not sever Fourth Amendment doctrine from the Amendment's language").

[¶12]   Fourth, was the search or seizure an "unreasonable" violation of the claimant's right to be secure in the item searched or seized? The touchstone for determining constitutionality of a search is reasonableness, which typically requires law enforcement to obtain a judicial warrant before conducting a search or seizure. *State*

5

*v. Helm*, 2017 ND 207, ¶ 6, 901 N.W.2d 57. Warrantless searches and seizures are unreasonable unless supported by probable cause and one of the recognized exceptions to the warrant requirement. *State v. Morales*, 2015 ND 230, ¶ 8, 869 N.W.2d 417; *Ressler*, 2005 ND 140, ¶ 19, 701 N.W.2d 915. The reasonableness of a seizure depends on a balancing of the public interest advanced by the seizure and the individual right to a liberty or possessory interest free from arbitrary government interference, determined by weighing the gravity of the interest, the degree to which the seizure advances the interest, and the severity of the interference with the private liberty or possessory interest. *See Brown v. Texas*, 443 U.S. 47, 50-51 (1979).

III

[¶13]  Our inquiry here centers on the second question, whether the package was Gardner's at the relevant time—or, in the constitutional language, whether someone in Gardner's circumstances could say it was "their" effect.

[¶14]  But very briefly, we clear away the underbrush of what is not in dispute. The parties do not dispute that the package at issue here is an "effect." *State v. Nickel*, 2013 ND 155, ¶ 14, 836 N.W.2d 405; *Ressler*, 2005 ND 140, ¶ 10, 701 N.W.2d 915 (citing *Jacobsen*, 466 U.S. at 114). The parties also agree that under *Ressler*, a seizure occurred when an officer removed the package from UPS to conduct a canine free air sniff. 2005 ND 140, ¶¶ 14, 18-20, 25, 701 N.W.2d 915. There was no warrant authorizing the officer to remove the package from UPS, so the seizure was presumptively unreasonable. *State v. Karna*, 2016 ND 232, ¶ 7, 887 N.W.2d 549 (stating "warrantless searches and seizures are presumptively unreasonable"). In a written statement declining to prosecute Metcalf, the State's Attorney acknowledged that there had been an unconstitutional seizure under *Ressler* and any evidence resulting from that seizure would be suppressed at trial. Because there was a warrant for the search of the package, the evidence resulting from the search is implicated only because the legality of the search depends on the legality of the initial seizure.

[¶15]  We turn now to whether Gardner had a sufficient possessory interest in the package at the time of the unconstitutional seizure to claim that seizure violated his

6

rights. The district court concluded that Gardner "had no reasonable expectation of privacy in the package." This focus on privacy interests is central in determining whether a *search* is unreasonable, but it has little to do with whether a *seizure* is unreasonable or whether Gardner has sufficient personal interest to challenge the seizure here, which the State agreed was constitutionally unreasonable. In contrast to a search, which implicates privacy, a seizure implicates individual liberty of movement and possessory interests in property. See *Jacobsen*, 466 U.S. at 113-14 (distinguishing possessory and liberty interests implicated by seizures from privacy interests implicated by searches); *Soldal v. Cook County*, 506 U.S. 56, 62 (1992) ("our cases unmistakably hold that the [Fourth] Amendment protects property as well as privacy"); *United States v. Miller*, 799 F.3d 1097, 1103 (D.C. Cir. 2015) (finding "a basic mismatch between Miller's wholesale reliance on his *privacy* interest in the boxes and his challenge to the *seizure* of those boxes"); *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1028-29 (9th Cir. 2012) (distinguishing searches from seizures and concluding, "The reasonableness of Appellees' expectation of privacy is irrelevant as to the question before us: whether the Fourth Amendment protects Appellees' unabandoned property from unreasonable seizures."); *Bonds v. Cox*, 20 F.3d 697, 703 (6th Cir. 1994) (concluding homeowner had standing to challenge seizure of her real property despite having no reasonable expectation of privacy in the house). We conclude the proper focus in evaluating a seizure is on the claimant's possessory interests in property.

[¶16] Gardner's *privacy interests* were not implicated by the seizure of the package, in which the package was not opened but only removed from UPS property. Gardner's *possessory interests* were implicated by the seizure, which the State concedes was a constitutional violation. The district court's focus on privacy (while perhaps understandable in view of the sometimes murky way *Katz* has influenced search and seizure cases to turn solely on expectations of privacy) was a misapplication of law because Gardner's privacy interests in the package are irrelevant. Only his possessory interests are relevant.

7

[¶17] Gardner bears the burden to show the package was his—that he had a sufficient possessory interest in the package to claim his rights were violated. *See Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978) ("The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure."); *Adams*, 2018 ND 18, ¶ 16, 905 N.W.2d 758 (Tufte, J., concurring). There are many factors a court can, and should, consider when determining possessory interest. *See Williams*, 2015 ND 103, ¶ 14, 862 N.W.2d 831 (considering whether the claimant has a possessory interest in the location searched, whether the individual takes precautions to keep the item private or within his possession, and whether the individual has access to the thing or location even though it is locked or closed); *Rawlings v. Kentucky*, 448 U.S. 98, 105 (1980) (considering whether the individual has the power to exclude; whether the individual has previously accessed, or is permitted to access, the area or thing; whether the individual takes precautions to maintain privacy; whether the individual claims or denies possession; and, how long the claimant has known the person in possession of the container with the contraband); *Adams*, at ¶¶ 1, 12 (considering whether the individual asserts ownership over the item or the container, whether there is evidence of possessory interest, whether the individual is present during the search and does not object, and whether there are any identifying marks or characteristics on either the container or the contents). Whether a person has a sufficient possessory interest in an item to claim it was unconstitutionally searched or seized is reviewed on a case-by-case basis considering the totality of the circumstances. 1 John Wesley Hall, Jr., *Search and Seizure* § 3.13 (5th ed. 2018). "[N]o single factor determines whether an individual legitimately may claim" the freedom from a violation of his search and seizure rights. *Id.*; *Adams,* at ¶ 9; *State v. Gatlin*, 2014 ND 162, ¶ 5, 851 N.W.2d 178 (considering the individual's "possessory interest in the things seized or the place searched," as shown by excluding others, taking privacy precautions, and retaining access despite a lock or other access restriction); *see Oliver*, 466 U.S. at 177.

8

[¶18] Here, the district court narrowed its consideration of Gardner's possessory interest in the package to the name and address on the package and whether he occupied the location to which the package was addressed. The district court stated:

> [T]he package . . . was addressed to Mr. Metcalf, not Mr. Gardner. He was not addressed. It was delivered to an address of Mr. Metcalf's that it was addressed to, not Mr. Gardner's. He wasn't on the package. That is not where he lived, et cetera. The package was not addressed to Gardner, nor was it sent to a place where he was staying. I see no real connections whatsoever of Mr. Gardner to the package.

The district court viewed the issue too narrowly. The fact that the package does not bear Gardner's name or address is relevant but not determinative. "When an individual asks someone else to receive mail for him, he does not by that fact alone surrender" his search and seizure rights. *United States v. Allen*, 741 F. Supp. 15, 18 (D. Me. 1990). The use of an alias or fictitious name when sending and receiving packages is not conclusive. *United States v. Pitts*, 322 F.3d 449, 454, 459 (7th Cir. 2003); *United States v. Villarreal*, 963 F.2d 770, 774 (5th Cir. 1992); *United States v. Richards*, 638 F.2d 765, 770 (5th Cir. 1981). There are many reasons, some innocent and some suspicious, that a person might use an alias when sending or receiving a package. *Pitts*, at 457-58. Efforts at anonymity are not equivalent to disclaimers of ownership when sending or receiving a package. *Id.* at 459; *see also Allen*, at 18; 6 Wayne R. LaFave *Search & Seizure* § 11.3(f) (5th ed. 2012 & Supp. 2018).

[¶19] Several cases from other jurisdictions have rejected a claimed search or seizure violation by a person who was not the sender or receiver of a package. These cases are distinguishable in that the person claiming a violation failed either to claim or substantiate ownership of either the package or its contents. *See United States v. Pierce*, 959 F.2d 1297, 1303 (5th Cir. 1992) (concluding no right to claim search and seizure violation where package was neither sent by nor addressed to defendant, and defendant denied ownership of both the package and the contents); *United States v. Givens*, 733 F.2d 339, 341-42 (4th Cir. 1984) (per curiam) (rejecting claim where defendant claimed a possessory interest in package addressed to third party which contained

9

drugs for which he had not yet paid). *Compare United States v. DiMaggio*, 744 F. Supp. 43, 45-47 (N.D.N.Y. 1990) (concluding no possessory interest established when supported only by claim of ownership of the contents and alleged control over packages as actual sender and recipient), *with Richards*, 638 F.2d at 768, 770 (finding defendant had sufficient personal interest in package to raise Fourth Amendment claim despite his name not appearing on it and his denial of ownership). We have emphasized claiming a possessory interest in a container and its contents is important, although not conclusive, in the context of a variety of other constitutional effects. *See Adams*, 2018 ND 18, ¶ 12, 905 N.W.2d 758 (rejecting defendant's claimed Fourth Amendment interest in a backpack located within someone else's vehicle where defendant denied ownership, did not object to search, and backpack lacked identifying marks showing his ownership); *State v. Dunn*, 2002 ND 189, ¶ 2, 653 N.W.2d 688 (affirming order suppressing search of jacket found lying on private driveway where owner of jacket initially denied but later claimed it was his); *State v. Huether*, 453 N.W.2d 778, 781 (N.D. 1990) (affirming order suppressing search of paper bag under front seat during traffic stop despite defendant's denial of ownership of a bag or knowledge of its contents); *Rawlings*, 448 U.S. at 104-06 (holding insufficient possessory interest to object to search of purse where the defendant claimed ownership of drugs in the purse but not of the purse itself); *United States v. Parada*, 577 F.3d 1275, 1280 (10th Cir. 2009) (emphasizing failure to respond or claim ownership when questioned as weighing against assertion of search and seizure right); *United States v. Zabalaga*, 834 F.2d 1062, 1065 (D.C. Cir. 1987) (holding defendant may not assert violation of search and seizure right because defendant stated when arrested that he did not own the car, had no permission to use the car, and did not claim a possessory right to the contents of the car, nor were there identifying marks on the contents).

[¶20] Here, the district court erred by failing to examine the totality of the circumstances. *See Allen*, 741 F. Supp. at 17; *United States v. Sheldon*, 351 F. Supp. 2d 1040, 1043 (D. Haw. 2004). The district court did not consider the following

10

undisputed facts. Metcalf explained to a police officer that he had a standing arrangement between himself, his brother, and Gardner. Metcalf made statements to the police that he was the "middle man" who simply received packages which he gave to Gardner. Gardner responded to Metcalf's call about the package by driving to Metcalf's apartment and retrieving the package. Gardner did not exchange anything for this package when he retrieved it. The lack of payment tends to show both Gardner and Metcalf understood the package to be Gardner's property. Further, Gardner possessed the package when he was arrested, close in time to the illegal seizure, without any intervening purchase, abandonment, or other act indicating a change in lawful possession of the package. *See Richards*, 638 F.2d at 770. When the totality of the circumstances is considered, rather than only the name and address on the package, we conclude the facts establish Gardner's possessory interest in the package for purposes of asserting a violation of his constitutional rights. Because the initial seizure of the package was concededly unconstitutional, Gardner is entitled to claim the protection of the exclusionary rule to the results of the initial seizure and the searches that flowed from the initial seizure.

IV

[¶21] We conclude the totality of the evidence before the district court demonstrates that Gardner had a sufficient possessory interest in the package at the time it was seized at the UPS facility to claim his personal, constitutional rights were violated. Accordingly, all evidence flowing from the illegal seizure and subsequent search must be suppressed. We reverse the district court's order denying Gardner's motion to suppress and remand to allow Gardner to withdraw his guilty plea.

[¶22] Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen

11

I concur in the result.
Gerald W. VandeWalle, C.J.